# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2010

Lyle W. Cayce
Clerk

No. 09-60869
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL A. DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:09-CR-47-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael A. Diaz appeals his sentence following his guilty plea conviction for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Diaz was previously convicted under the Uniform Code of Military Justice of indecent acts with a child and upon his release was required to adhere to the sex offender registration requirements. However, after his release, Diaz failed to register as an offender in Alabama, Mississippi, Nevada, Tennessee and Wyoming although he lived for a period of time in each. Diaz pled guilty to failing to register and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at sentencing the district court calculated his guidelines sentencing range, pursuant to U.S.S.G. § 5G1.1(b), as 15 to 21 months. The district court elected to impose a non-guidelines sentence and sentenced Diaz to a 96-month term of imprisonment.

Diaz argues the sentence is both procedurally and substantively unreasonable. We affirm.

Diaz first argues that the district court committed procedural error by finding that his statute of conviction imposed a five-year mandatory minimum sentence, thereby raising his guidelines sentencing range, pursuant to U.S.S.G. § 5G1.1(b), from 15 to 21 months to 60 months. Because Diaz did not raise this issue in the district court, review is for plain error.[1] To prevail, Diaz must show a forfeited error that is clear or obvious and affects his substantial rights.[2] This court has the discretion to correct such error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[3]

Diaz fails to show clear or obvious error regarding the relevant statement made by the district court during the sentencing hearing. Taken in context, it is evident that at the sentencing hearing the district court was referring to the mandatory supervised release term of at least five years to life. The district court adopted the presentence investigation report which correctly identified the statutory minimums and maximums. Even if it were assumed that the district court committed clear or obvious error, Diaz cannot prevail under plain error review because he cannot show that the error affected his substantial rights.[4]

---

[1] *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

[2] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[3] *See id.* (internal quotation marks and citation omitted).

[4] *See United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010) ("A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence.") (internal quotation marks and citation omitted)).

Diaz next argues that the district court erred by failing to provide a sufficient explanation for the 96-month sentence imposed and that the extent of the court's deviation was unreasonable. Diaz did not raise these objections in the district court; therefore, review is for plain error.[5] Contrary to Diaz's assertions, the district court provided detailed reasons for its sentence variance, expressly considering the factors of 18 U.S.C. § 3553(a).[6] The district court based its sentence on Diaz's failure over ten years to register in any of the states he lived in, the need for the sentence imposed to reflect the seriousness of the offense, the need to deter future conduct given that Diaz failed to register despite being advised of his obligation, to protect the public, noting that Diaz did not object to the presentence investigation report's allegations that Diaz had engaged in a more recent incident of child abuse and had been found with child pornography, and to provide an opportunity for Diaz to receive adequate counseling. Diaz has shown no error, plain or otherwise, as to the adequacy of the court's reasons.[7] Moreover, Diaz has not shown clear or obvious error regarding the substantive reasonableness of his non-guidelines sentence.[8]

In his reply brief, Diaz contends for the first time that the district court improperly relied on an incident report filed with the Nevada police, we decline to consider this argument.[9]

The sentence is AFFIRMED.

---

[5] *Lopez-Velasquez*, 526 F.3d at 806; *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[6] *See United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006).

[7] *See id.* at 708-10.

[8] *See id.*; *Peltier*, 505 F.3d at 392-94.

[9] *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).